IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
   950 Pennsylvania Avenue )
   Washington, D.C. 20530 )
 )
                            Plaintiff, )
v. )
 )
NEW CENTURY TRAVEL, INC., )
   55-57 N. 11th Street )
   Philadelphia, PA 19107 )
 )
                            Defendant. )
_____ )

## COMPLAINT

The United States of America alleges:

1. This action is brought by the United States to enforce title III of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12181 through 12189, and the relevant regulations implementing title III, 28 C.F.R. Part 36 and 49 C.F.R. Part 37, against New Century Travel, Inc.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to this action occurred in this district, and the Defendant operates an office in this district.

### PARTIES

4. Plaintiff is the United States of America.

-2-

5. Defendant New Century Travel, Inc. (hereafter "New Century") is a Pennsylvania corporation. Its principal place of business is located at 55-57 N. 11th Street in Philadelphia, Pennsylvania.

6. Defendant New Century is a private entity that provides specified public transportation as defined in 42 U.S.C. § 12181(10). It is primarily engaged in the business of transporting people and its operations affect commerce. As such, it is subject to the requirements of title III of the ADA, including 42 U.S.C. § 12184, and the relevant regulations implementing title III, 28 C.F.R. Part 36 and 49 C.F.R. Parts 37 and 38.

## BACKGROUND

7. It is the purpose of the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

8. The ADA prohibits discrimination against an individual on the basis of disability in the full and equal enjoyment of specified transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce. 42 U.S.C. § 12184(a). More specifically, the ADA defines discrimination as including the failure of private entities covered by the statute to comply with the implementing regulations issued by the Secretary of Transportation dealing with over-the road buses (OTRBs) or motor coaches. 42 U.S.C. §§ 12184(b)(4)(A-B).

9. In 1998, the Department of Transportation issued its final rule to implement the accessible transportation and related provisions of title III of the ADA. See 49 C.F.R. Parts 37 and 38. 49 C.F.R. Part 37, Subpart H, addresses the requirements for all private entities that operate OTRBs.

10.     The DOT regulations in 49 C.F.R. Part 37 set forth different obligations for the large Class I motor carriers and the small motor carriers as defined in 49 C.F.R. § 37.3. Under 49 C.F.R. § 37.183(b), a small OTRB company must satisfy these requirements:

> (b) Small operators. If a small entity operates a fixed route system, and purchases or leases a new OTRB for or in contemplation of use in that system, it must do one of the following two things:
>
> (1) Ensure that the vehicle is readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs; or (2) Ensure that equivalent service, as defined in § 37.105, is provided to individuals with disabilities, including individuals who use wheelchairs. . . . To meet this equivalent service standard, the service provided by the operator must permit a wheelchair user to travel in his or her own mobility aid.

11.     In addition, the DOT regulations impose interim service requirements set forth in 49 C.F.R. § 37.193. Under the interim service requirements, until 100% of its OTRB fleet is accessible, a small operator of a fixed route system must ensure that any individual with a disability who requests accessible service on an OTRB receives that service. 49 C.F.R. § 37.193(a)(1). A small operator may require up to 48 hours advance notice from a person who requests an accessible OTRB. 49 C.F.R. § 37.193(a)(1)(i). A small operator is not required to provide interim service if it is providing equivalent service as provided by 49 C.F.R. § 37.183(b)(2).

-4-

## FACTS

12.  Defendant New Century is a private motor carrier that operates OTRBs between New York, Philadelphia, Washington, D.C., and Richmond.  It provides fixed route transportation according to a fixed schedule.  Its schedules and fares are published on its website at www.2000coach.com.

13.  Upon information and belief, Defendant New Century has gross annual transportation revenues of less than $7.2 million.  As such, it is a small operator within the meaning of the DOT regulatory definition in 49 C.F.R. § 37.3.

14.  Upon information and belief, New Century does not own, lease, or operate a fully accessible fleet of OTRBs.

15.  In March and September, 2006, the United States Department of Justice conducted an investigation, including a series of tests in March and September 2006 to evaluate the Defendant's compliance with the ADA.  Among other things, the investigation undertaken by the United States revealed that the Defendant has:

    A.  failed to provide accessible transportation to persons with disabilities who gave New Century 48-hours advance notice that they wanted to reserve a seat on an accessible OTRB at a particular time and place;

    B.  failed to ensure that the four new OTRBs purchased in 2004 were accessible, and failed to provide accessible transportation on an equivalent service basis to persons with disabilities who requested accessible transportation at a particular time and place;

    C.  failed to provide adequate information on the New Century website and elsewhere to enable persons with disabilities to reserve one or more seats on an accessible OTRB at a particular time and place and to have their request confirmed in a prompt manner; and

-5-

        D.    failed to complete a Service Request Form documenting a request for accessible service and sending one copy to the passenger by mail, email, telephone or facsimile to confirm the request for an accessible OTRB.

    16.    The Department of Justice also investigated whether the Defendant was meeting other obligations under the ADA and found that the Defendant is engaged in policies, practices, and procedures that fail to comply with the ADA and the implementing regulations by, among other things, failing to submit summary annual reports to the Federal Motor Carrier Safety Administration (FMCSA) for the last two reporting periods, namely the periods of October 1, 2004, through September 30, 2005, and October 1, 2005, through September 30, 2006. The reports are required to provide information regarding requests for accessible and/or equivalent service, the number of passengers who have used a lift to board accessible buses, the number of buses in the carrier's fleet, the number of accessible buses in its fleet, and the number of new accessible buses that it has purchased or leased.

    17.    As the result of Defendant's discriminatory actions against persons with disabilities, aggrieved persons may have suffered injury, including humiliation, emotional distress, pain and suffering, and economic loss.

## CAUSE OF ACTION

    18.    The allegations of paragraphs 1 through 17 of the Complaint are hereby re-alleged and incorporated by reference.

    19.    As described above in paragraphs 12 through 17, the Defendant has engaged in discrimination against persons on the basis of disability in the provision of transportation services in violation of the ADA, by:

        A.    Excluding persons with disabilities from participation in and denying them

-6-

the benefits of specified public transportation services in violation of Section 304 of the ADA, 42 U.S.C. § 12184 and the implementing regulations at 28 C.F.R. Part 36 and 49 C.F.R. Part 37;

B. Failing to ensure that new OTRBs purchased by New Century in 2004 are readily accessible to and usable by individuals with disabilities, and by failing to ensure that it provided equivalent service, as defined in 49 C.F.R. § 37.105, to individuals who requested accessible transportation in violation of Section 304 of the ADA, 42 U.S.C. § 12184, and the implementing regulation at 49 C.F.R. § 37.183(b);

C. Failing to provide accessible transportation to persons with disabilities who gave New Century 48 hours advance notice of their request in violation of Section 304 of the ADA, 42 U.S.C. § 12184, and the implementing regulation at 49 C.F.R. § 37.193(a);

D. Failing to modify its policies, practices and procedures so as to enable persons with disabilities to get adequate information about how to obtain and receive confirmation of an accessible bus or equivalent service through its website in violation of Section 304 of the ADA, 42 U.S.C. § 12184(b)(2)(A), and the implementing regulations, 28 C.F.R. § 36.302(a), 49 C.F.R. § 37.5(f), and 49 C.F.R. § 37.167(f);

E. Failing to complete a Service Request Form documenting a request for accessible transportation service and providing a copy to the passenger in violation of Section 304 of the ADA, 42 U.S.C. § 12184, and the implementing regulation, 49 C.F.R. § 37.213; and

F. Failing to submit summary annual reports to the FMCSA for the last two reporting periods in violation of Section 304 of the ADA, 42 U.S.C. § 12184, and the implementing regulation, 49 C.F.R. § 37.213.

20. The conduct of the Defendant as described above constitutes a pattern or practice of discrimination on the basis of disability and/or a denial to persons with disabilities of rights

-7-

granted under title III of the ADA, 42 U.S.C. §§ 12181 et seq., which denial raises an issue of general public importance.

21.   Persons with disabilities who have been the victims of Defendant's discriminatory conduct are aggrieved persons within the meaning of 42 U.S.C. § 12188(b)(2)(B).

PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

A. Grant judgment in favor of the United States and declare that the Defendant has violated title III of the ADA, 42 U.S.C. §§ 12181 et seq., and the relevant implementing regulations, 28 C.F.R. Part 36 and 49 C.F.R. Part 37;

B. Enjoin the Defendant, its agents and employees, and all persons in active concert or participation with them, from engaging in discriminatory policies and practices against persons with disabilities, and specifically from failing or refusing to take all appropriate steps to ensure compliance with the requirements of 42 U.S.C. § 12184 and the relevant implementing regulations, 28 C.F.R. Part 36 and 49 C.F.R. Part 37;

C. Order the Defendant to modify its policies, practices, and procedures as necessary to bring its private transportation system into compliance with 42 U.S.C.§ 12184, including an order requiring all relevant employees to be trained on the new policies and procedures that will ensure that a person with a disability who requests accessible transportation in accordance with the requirements of 49 C.F.R. § 37.183 or 49 C.F.R. § 37.193 gets such transportation at the date, time, and place requested.

D. Order the Defendant to add a link on the New Century's home page that refers to procedures for booking accessible transportation and to require that the link give clear directions on how individuals with disabilities can obtain accessible transportation in a manner equal to

-8-

those who are not disabled;

E. Require the Defendant to post a sign on its web site and in all of its stations indicating that it is obligated to provide accessible transportation on OTRBs or by equivalent service to persons with disabilities, that it does not discriminate on the basis of disability in the provision of its transportation services, and what action persons can take if they believe that they have been denied accessible transportation by the Defendant in violation of the ADA.

F. Order the Defendant to take all appropriate steps to make the New Century OTRB transportation service accessible to individuals with disabilities within sixty days of the Court's order;

G. Order the Defendant to comply with the annual reporting requirements set forth in 49 C.F.R § 37.213, including an order that it submit the requisite data to FMCSA for the periods of October 1, 2004, through September 30, 2005, and October 1, 2005, through September 30, 2006, within sixty days of the Court's order;

H. Award monetary damages in an appropriate amount to all persons aggrieved by the discriminatory actions to compensate them for injuries resulting from Defendant's failure to ensure compliance with the requirements of Section 304 of the ADA, 42 U.S.C. §§ 12184, and the implementing regulations, according to proof;

I. Assess a civil penalty against the Defendant in an amount authorized by 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3), in order to vindicate the public interest; and

J. Order such other appropriate relief as the interests of justice may require.

-9-

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this _____ day of _____, 2008

                                  RESPECTFULLY SUBMITTED:

                                  MICHAEL B. MUKASEY
                                  Attorney General of the United States

                                  */s/ Grace Chung Becker*
                                  GRACE CHUNG BECKER
                                  Acting Assistant Attorney General
                                  Civil Rights Division

                                  LORETTA KING
                                  Deputy Assistant Attorney General
                                  Civil Rights Division

                                  JEFFREY A. TAYLOR
                                  United States Attorney
                                  District of Columbia

                                  */s/ John L. Wodatch*
                                  JOHN L. WODATCH, Chief
                                  PHILIP L. BREEN, Special Legal Counsel
                                  L. IRENE BOWEN, Deputy Chief
                                  Disability Rights Section
                                  Civil Rights Division

                                  */s/ Sheila K. Delaney*
                                  SHEILA K. DELANEY
                                  ALYSE BASS
                                  Trial Attorneys
                                  Disability Rights Section
                                  Civil Rights Division
                                  U.S. Department of Justice
                                  950 Pennsylvania Avenue NW - NYA
                                  Washington, D.C. 20530
                                  Telephone: (202) 307-6309

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

United States of America, DOJ

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

New Century Travel, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sheila K. Delaney - (202) 307-6309
Disability Rights Section, US Dept. of
Justice - 950 Pennsylvania Ave., NW (NYA)
Washington, DC 20530

Case: 1:08-cv-01168
Assigned To : Bates, John D.
Assign. Date : 7/7/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### □ A. Antitrust
□ 410 Antitrust

### □ B. Personal Injury/Malpractice
□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. Administrative Agency Review
□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other) OR □ F. Pro Se General Civil

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food & Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 12181 et seq.; action to ensure accessible transportation for disabled

VII. REQUESTED IN COMPLAINT  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 5,000 - Civil Penalty  Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

VIII. RELATED CASE(S) IF ANY  (See instruction)  ☐ YES ☒ NO   If yes, please complete related case form.

DATE 7/7/08   SIGNATURE OF ATTORNEY OF RECORD  *Sheila K. Delaney*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.