IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, DOJ )
)
Plaintiff, )
)
)
v. )
)
NEW CENTURY TRAVEL, INC., )
)
)
Defendant. )
_____ )

FILED
JUL 1 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

08 1168

CONSENT DECREE and ORDER

**I. Introduction**

1.  Plaintiff, the United States of America, has filed this action to enforce the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 et seq. In the Complaint, filed simultaneously with this Consent Decree and Order (hereafter "Consent Decree"), the United States alleges that Defendant New Century Travel, Inc., has violated the ADA by failing to provide accessible transportation to persons with disabilities in accordance with the requirements of 42 U.S.C. § 12184 and the implementing regulations at 28 C.F.R. Part 35 and 49 C.F.R. Part 37, including its failure to provide customers with disabilities with a bus that has a wheelchair lift.

2.  The United States Department of Justice (hereafter the "Department") is the federal agency responsible for administering and enforcing title III of the ADA, 42 U.S.C. §§ 12181-12189 and the relevant regulations implementing title III, 28 C.F.R. Part 36 and 49 C.F.R. Part 37.

3.  Defendant New Century Travel, Inc. (hereafter "New Century"), is a Pennsylvania corporation. Its principal place of business is located at 55-57 N. 11th Street in Philadelphia,

Pennsylvania.

4. New Century is a private motor carrier that operates over-the-road buses ("OTRBs") between a number of cities including New York, Philadelphia, and Washington, D.C. One of its bus stations is located at 513 H Street, N.W. in Washington, D.C. New Century provides fixed route transportation according to a fixed schedule. Its schedules and fares are published on its website at www.2000coach.com.

5. New Century is a private entity that provides specified public transportation as defined in 42 U.S.C. § 12181(10). It is primarily engaged in the business of transporting people and its operations affect commerce. As such, it is subject to the requirements of title III of the ADA, including 42 U.S.C. § 12184, and the relevant regulations implementing title III, 28 C.F.R. Part 36 and 49 C.F.R. Part 37.

6. In a letter dated November 29, 2007, the Department advised New Century that its investigation found that New Century had failed to comply with the requirements of the Americans with Disabilities Act and that the Department has been authorized to file a civil action against New Century to enforce the ADA.

7. The Department and New Century (collectively, the "parties") have reached agreement to resolve this lawsuit on mutually agreeable terms without further litigation. Therefore, the parties have entered into and agreed to this Consent Decree and Order, as indicated by the signatures appearing below.

-3-

## II. Consent Decree and Order

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

8. This Court has jurisdiction of this action under 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the claims alleged arose within this District.

9. New Century, its agents, employees and all others in active concert with them are hereby enjoined from engaging in discriminatory policies, practices and procedures against persons with disabilities and specifically from failing or refusing to take all appropriate steps to ensure compliance with the requirements of 42 U.S.C. § 12184 and the relevant implementing regulations, 28 C.F.R. Part 36 and 49 C.F.R. Part 37.

10. New Century shall not exclude persons with disabilities from participation in or deny them the benefits of specified public transportation services in violation of Section 304 of the ADA, 42 U.S.C. § 12184 and the implementing regulations at 28 C.F.R. Part 36 and 49 C.F.R. Part 37.

11. New Century is a small operator of a fixed route system within the meaning of 49 C.F.R. § 37.3.  As a small operator, until 100% of its OTRB fleet is accessible, New Century shall satisfy the interim service requirements and ensure that any individual with a disability who requests accessible service on an OTRB receives that service on the date and at the time and place requested.  49 C.F.R. § 37.193(a)(1).  New Century may require up to 48 hours advance notice from a person who requests an accessible OTRB.  49 C.F.R. § 37.193(a)(1)(i).  New Century is not required to provide interim service if it is providing equivalent service as provided by 49 C.F.R. § 37.183(b)(2).

-4-

12. As a small operator of a fixed route system, New Century must also do one of the following two things, in accordance with 49 C.F.R. § 37.183(b), if it purchases or leases a new OTRB for or in contemplation of use in its system:

(1) Ensure that the vehicle is readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs; or

(2) Ensure that equivalent service, as defined in 49 C.F.R. § 37.105, is provided to individuals with disabilities, including individuals who use wheelchairs. To meet the equivalent service standard, New Century must permit a person using a wheelchair to travel in his or her own wheelchair or mobility aid.

13. Within 60 days of the effective date of this Consent Decree, New Century shall modify its policies, practices and procedures to bring its private transportation system into compliance with 42 U.S.C. § 12184 and the implementing regulations, 28 C.F.R. Part 36 and 49 C.F.R. Part 37.

14. Within 60 days of the effective date of this Consent Decree, New Century shall draft written procedures that a) outline the process that New Century will take to ensure that persons with disabilities get accessible transportation on the day and at the time and place requested within the meaning of the ADA and b) identify the New Century employees (with their job titles) responsible for implementing those procedures. At a minimum, these procedures shall include the following: i) the procedures to be followed by New Century after it receives requests for accessible transportation on its web site, by telephone, or by other means; ii) the identification of the persons (with their job titles) that are responsible for ensuring that an accessible OTRB is dispatched on the date and at the time and place requested or for ensuring that equivalent service

-5-

is provided; iii) the identification of the persons (with their job titles) responsible for ensuring that the wheelchair lift is properly maintained and operational, and that the keys to operate the lift are on the bus prior to leaving a pick-up location or station; iv) the procedures for safely assisting people on and off a wheelchair lift; v) the procedures for properly securing a wheelchair on the bus; vi) procedures for maintaining records of requests for accessible transportation; vii) procedures for complying with Federal Motor Carrier Safety Administration's (FMCSA) reporting requirements; and viii) procedures used to notify customers with disabilities that New Century will provide the requested accessible service on the date and at the time and place requested in accordance with the interim service requirements or the equivalent service requirements.

15. Within 60 days of the effective date of this Consent Decree, New Century shall provide adequate information on its web site concerning transportation services so as to enable persons with disabilities to obtain information and schedule service on an accessible bus or by equivalent service in accordance with the requirements of Section 304 of the ADA, 42 U.S.C. § 12184, and the implementing regulation, 49 C.F.R. § 37.167(f).

16. Within 60 days of the effective date of this Consent Decree, New Century shall modify its policies, practices and procedures and create a link on its home page that enables a person with a disability to reserve a seat on an accessible OTRB at a particular time and place and to have his/her request confirmed in a prompt manner so as to ensure that services to passengers with disabilities are equivalent to those provided other passengers in accordance with the requirements of Section 304 of the ADA, 42 U.S.C. § 12184, and the implementing regulation, 49 C.F.R. § 37.207(d). New Century shall also modify its policies, practices, and procedures to

provide equivalent service.

17.     Within 60 days of the effective date of this Consent Decree, New Century shall post a notice on its web site and at its stations and pick-up locations indicating that it is obligated to provide accessible transportation to persons with disabilities and that it does not discriminate on the basis of disability in the provision of its transportation services.  The signs shall describe what action persons can take if they believe that New Century has denied them accessible transportation in violation of the ADA.  The signs shall be posted for the duration of the Consent Decree.

18.     Within 60 days of the effective date of this Consent Decree, New Century shall establish policies and procedures to ensure that none of its employees or agents offer to or physically carry a person with a disability onto one of its buses.  New Century shall also ensure that none of its employees or agents refer or tell a would-be customer who is disabled to go to another OTRB company in order to avoid its own lawful obligations under the ADA.

19.     New Century shall fully comply with the annual reporting requirements of the FMCSA as set forth in 49 C.F.R. § 37.213.

20.     New Century shall submit to FMCSA an annual report for each year, beginning with the next reporting period of October 1, 2008 through September 30, 2009, pursuant to the requirements of 49 C.F.R. §§ 37.213(c) and (d).  New Century also shall submit a duplicate copy of this report to the Department.

21.     Within 60 days of the effective date of this Consent Decree, New Century shall create a Service Request Form modeled after the provisions required by 49 C.F.R. Pt. 37, Subpart H, Appendix A, and distribute those forms to all employees who are responsible for handling

-7-

requests for accessible transportation. New Century shall use the Service Request Form to record all requests for accessible transportation service.

22. New Century shall ensure that a copy of every Service Request Form is maintained for review by FMCSA and the Department.

23. Within 75 days of the effective date of this Consent Decree, New Century shall train all relevant employees about the requirements of the ADA and how they apply to New Century, including the policies, practices, and procedures to be adopted as the result of this Consent Decree and Order. New Century shall also implement a policy to train all new relevant employees within 30 days of hiring on the ADA and the policies, practices, and procedures to be adopted as the result of this Consent Decree and Order. New Century shall ensure that all of its relevant employees are trained to proficiency to comply with this Consent Decree and to carry out its revised policies, practices, and procedures so as to ensure compliance with the ADA.

24. Within 75 days of the effective date of this Consent Decree, New Century shall pay a civil penalty in an amount of $5,000 as authorized by 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3), as amended, in order to vindicate the public interest.

25. Persons with disabilities who have been denied accessible transportation as the result of New Century's discriminatory conduct are persons aggrieved within the meaning of the ADA. Such persons may have suffered injury, including humiliation, emotional distress, pain and suffering, and economic loss as the result of New Century's discriminatory actions.

26. The ADA authorizes the Attorney General to seek monetary damages on behalf of persons aggrieved by discriminatory conduct to compensate them for injuries resulting from such conduct, 42 U.S.C. § 12188(b)(2)(B). New Century shall award monetary damages in the amount

-8-

of $1000, to any persons who can establish with reasonable certainty that they have been denied accessible transportation after giving New Century 48 hours advance notice of their desire for accessible transportation during the period from January 2005 to January 2008. Within 60 days of the effective date of this Consent Decree, New Century shall: a) provide the Department with documentation showing that it has deposited no less than $10,000 in an interest bearing account which it will set aside for one year to compensate potential aggrieved individuals, if any; b) advise potential aggrieved individuals (via a posted notice on its web site, and at its bus locations, that will be maintained for no fewer than six months, the content of which will be subject to approval by the Department) to contact Departmental representatives at the address listed below if they believe they have been denied accessible service; and c) promptly pay aggrieved individuals as directed by the United States and New Century agrees that it will not unreasonably dispute a finding by the United States that an individual has "established with reasonable certainty" that he/she was denied accessible transportation after giving 48 hours notice. Any sums remaining in that account after one year shall revert to New Century.

27. The Department may review compliance with this Consent Decree at any time. If the Department believes that New Century has failed to comply in a timely manner with any requirement of this Consent Decree and Order without obtaining sufficient advance written agreement with the Department for a modification of the relevant terms, the Department will notify New Century in writing and will attempt to resolve the issues or issues in good faith. If the Department is unable to reach a satisfactory resolution of the issue or issues raised within 30 days of the date it provides notice to New Century, it may seek to enforce the terms of this Consent Decree.

-9-

28.   For purposes of the immediately preceding paragraph, it is a violation of this Consent Decree for New Century to fail to comply in a timely manner with any of its requirements without obtaining sufficient advance written agreement with the Department for an extension of the relevant time frames imposed by the Consent Decree.

29.   Failure by the Department to enforce any provision or deadline of this Consent Decree shall not be construed as a waiver of its right to enforce other provisions or deadlines of this Consent Decree.

30.   This Consent Decree shall remain in effect for three years from the effective date. The United States' Complaint shall be dismissed pursuant to Fed. R. Civ. P. 41(a)(2), except that the Department may petition the Court, at any time during the duration of this Consent Decree, to reopen the case for the purpose of enforcing the Consent Decree or resolving any disputes arising from the Consent Decree. The Court shall retain jurisdiction to enforce this Consent Decree.

31.   This Consent Decree constitutes the entire agreement between the parties relating to <u>United States v. New Century Travel, Inc.</u> (D. D.C.), and Department of Justice No. DJ 202-16-151, and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this Consent Decree, including any appendices, shall be enforceable. This Consent Decree does not purport to remedy any other potential violations of the ADA or any other federal law. This Consent Decree does not affect New Century's continuing responsibility to comply with all aspects of the ADA.

32.   The individuals signing this Consent Decree represent they are authorized to bind the parties to this Consent Decree and Order.

33.   Nothing in this Consent Decree shall preclude the Department from filing a

-10-

separate action under the ADA for any future alleged violation not covered by this Consent Decree.

34.	This Consent Decree shall be binding on New Century Travel, Inc., its agents and employees, and all others in concert with them. In the event that New Century seeks to transfer or assign all or part of its private OTRB transportation system, as a condition of transfer, New Century shall obtain the written accession of the successor or assign to any obligations remaining under this Consent Decree for the remaining term of this Consent Decree.

35.	All notices, demands, or other communications to be provided pursuant to this Consent Decree shall be in writing and delivered by fax or overnight mail to the following persons and addresses (or such other persons and addresses as any Party may designate in writing from time to time).

For notices to the Department:

John L. Wodatch, Chief
Disability Rights Section
1425 New York Avenue, Room 4039
Civil Rights Division
U.S. Department of Justice
Washington, D.C. 20005
Telephone: (202) 307-0663
Facsimile: (202) 305-9775

For notices to New Century:

Amy Peterson
New Century Travel, Inc.
55 N. 11th Street
Philadelphia, PA 19107

-11-

36.     The effective date of this Consent Decree is the date on which the Court enters this Consent Decree.

SO ORDERED this  10th  day of  July  , 2008.

_____
United States District Judge


AGREED AND CONSENTED TO:
FOR THE UNITED STATES

Michael B. Mukasey
Attorney General

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

_____
John L. Wodatch, Chief
Philip L. Breen, Special Legal Counsel
L. Irene Bowen, Deputy Chief
Disability Rights Section
Civil Rights Division

_____
Sheila K. Delaney
Alyse Bass
Senior Trial Attorneys
Civil Rights Division - Disability Rights Section
U.S. Department of Justice
950 Pennsylvania Ave., NW -NYA
Washington, D.C. 20530-0001
202-307-6309 (phone)
202-305-9775 (fax)

-12-

FOR NEW CENTURY:

_____
Mei-Ying Gao
55-57 N. 11th Street
Philadelphia, PA 19107

_____
Kirk V. Wiedemer, Esq.
923 Arch Street, 2nd floor
Philadelphia, PA 19107
215-627-7270 (phone)
215-627-3680 (fax)